**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**A.W. AND L.W.**
**Individually**
**And as Parents of T.W.**                                                            **PLAINTIFFS**

**V.**                                      **4:22CV00168 JM**

**PULASKI COUNTY SPECIAL**
**SCHOOL DISTRICT**                                                       **DEFENDANT**

<u>**ORDER**</u>

Pending is the Plaintiffs' motion to dismiss the Defendant's counterclaim, docket #9, and second motion to dismiss Defendant's counterclaim, docket #19. Defendant has filed responses and Plaintiffs filed a reply to the Defendant's response to docket #9.   For the reasons stated herein, the motions are GRANTED.

On February 18, 2022 the Plaintiffs filed their complaint seeking to recover their attorneys' fees and costs as the prevailing party in proceedings under the IDEA, 20 U.S.C. §1415(i)(3)(B)(i).  Plaintiffs also seek to recover compensatory damages pursuant to §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794(a), and Title II of the Americans with Disabilities Act, 42 U.S.C. §12131-12165 for disability discrimination.  Defendant filed is Answer and Counterclaim on April 27, 2022.  Defendant's counterclaim asks the Court to reverse the decision of the hearing officer.  Plaintiffs argue that the Defendant's appeal of the decision of the hearing officer is barred by the applicable statute of limitations.

<u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint or in this case the counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the claimant must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A claimant's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the claimant will ultimately prevail, but whether the claimant is entitled to present evidence in support of his claim. *See*, *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

In considering a motion to dismiss a counterclaim, whether on the ground of lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted, the court assumes all facts alleged in the counterclaim are true and construes the counterclaim liberally in the light most favorable to the claimant.

Discussion

20 U.S.C. § 1415(i)(2)(B) provides that a party aggrieved by an administrative officer's decision may bring an action in a district court within 90 days of that decision.  The hearing officer's decision from which the Defendant appeals is dated August 24, 2021.  Accordingly, Defendant was required to appeal the decision on or before November 22, 2021.  Although Defendant filed a timely appeal of the hearing officer's decision in state court (ECF #9-1), Defendant failed to serve the complaint.  As a result, the action was never commenced for

purposes of the Arkansas Savings Statute.   *Rettig v. Ballard*, 2009 Ark. 629, 4, 362 S.W.3d 260, 263 (2009)("The savings statute provides that before the statute applies, an action must have been commenced. Ark.Code Ann. § 16–56–126(a). For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective), is completed within the 120–day period required by Rule 4(i)").

Defendant again filed an appeal of the hearing officer's decision on May 9, 2022, this action was time barred (ECF 9-3).  Further, on October 4, 2022, Defendant moved to dismiss the action with prejudice (ECF #19-2).  The action was dismissed on October 4, 2022 (ECF 19-3).

Defendant contends that his counterclaim- appeal from the hearing officer's decision is an original civil action not subject to state law and is timely as a compulsory counterclaim.  In this case, Plaintiffs did not file a timely appeal of the hearing officer's decision, an action which Plaintiffs agree would have opened the door to Defendant's counterclaim.  Instead, Plaintiff's filed an original action for attorneys' fees pursuant to 20 U.S.C. §1415(i)(3).   Even if the appeal from the hearing officer's decision were considered a compulsory counterclaim, as argued by Defendant, the counterclaim would relate back to the date the Plaintiffs filed this action, February 18, 2022, outside the 90 day limitations period.   Additionally, the Pulaski County Circuit Court's dismissal with prejudice of Defendant's second appeal operates as an adjudication on the merits of the claim.

<u>Conclusion</u>

For these reasons, Plaintiffs' motions to dismiss (docket #'s 9 and 19) are GRANTED.

IT IS SO ORDERED this 20th day of March, 2023.

_____
James M. Moody Jr.
United States District Judge

3