IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

A.W. AND L.W.,
Individually and as Parents of T.W.                                    PLAINTIFFS

v.                                  NO. 4:22CV00168 JM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                                         DEFENDANT

## ORDER

Pending is Plaintiffs' motion for attorney's fees and costs. (Docket # 30). Defendant has filed a response and Plaintiffs have filed a reply. After consideration of the application and briefs, the Court will award attorneys' fees and costs in the amount of $28,111.00.

On February 26, 2021, Plaintiffs filed a due process complaint with the Arkansas Department of Education alleging that the Pulaski County Special School District ("District") denied T. W. a free appropriate public education in the least-restrictive environment in violation of the IDEA. On March 29, 2021, Plaintiffs requested an Independent Educational Evaluation. On April 8, 2021 the District filed a due process complaint against the Plaintiffs alleging that its evaluation of T.W. was appropriate and asking that the Plaintiffs' request for an independent evaluation be denied. The two cases were consolidated and a five-day due process hearing began May 11, 2021. On August 24, 2021, the Hearing Officer issued her Final Decision finding that the District denied T.W. a free appropriate education from May 2020 to February 2021.

Plaintiffs move for attorneys' fees and costs as the prevailing parties in the state administrative and district court proceedings on their due process complaint against the District pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq.

As the prevailing parties, Plaintiffs may recover a reasonable attorneys' fees and costs under the IDEA, 20 U.S.C. §1415(i)(3).  Defendant, citing to 20 U.S.C.§1415(i)(3)(F), argues the Court should reduce the fees requested based on the following facts: a) the parents' attorney unreasonably protracted this proceeding; (b) the proposed fees exceed the prevailing hourly rate for comparable attorneys in the community; or (c) that the time spent was excessive considering the nature of the proceeding.

In fee-shifting cases such as this one, the thrust of the fee award is the "lodestar" determination- the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   In making the lodestar determination, the Court also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981)(adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)):

> time and labor required;
> novelty and difficulty of the questions;
> skill requisite to perform the legal service properly;
> preclusion of other employment, due to acceptance of case;
> the customary fee;
> whether the fee is fixed or contingent;
> time limitations imposed by the client or the circumstances;
> the amount involved and the results obtained;
> the experience, reputation, and ability of the attorneys;
> the undesirability of the case;
> the nature and length of the professional relationship with the client;
> awards in similar cases.

*Hensley,* 461 U.S. at 434.   In certain cases, the Court may further consider these twelve factors in determining whether to adjust the lodestar upward or downward to arrive at an appropriate fee.  *Id.*

The Court finds the hourly rate of $350.00 for Plaintiffs' lead counsel, Theresa Caldwell and $250.00 for Clay Fendley, appropriate and reasonable based on their experience and the

complexity of the case. However, as recognized by Fendley in his affidavit, it is appropriate to reduce the hours billed to reflect the partial success on the merits of all claims. As noted by Fendley, the Plaintiffs did not prevail on their disability discrimination claim. The Court finds it appropriate to reduce Ms. Caldwell's hours billed by the same factor utilized by Mr. Fendley.

After considering the *Hensley* factors and the circumstances of this case, the Court finds it reasonable to award Plaintiffs $27,339.00 in fees and $772.00 in costs. The Court does not find that the Plaintiffs' attorney unreasonably protracted this proceeding; the proposed fees exceed the prevailing hourly rate for comparable attorneys in the community; or that the time spent was excessive considering the nature of the proceeding as argued by Defendant. In light of the circumstances of this case, the award of fees seems adequate and is not intended as any criticism of the amount or quality of the efforts of counsel.

IT IS SO ORDERED this 13th September, 2023.

_____
James M. Moody Jr.
United States District Judge